UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cr-00133-SEB-TAB |
| | ) | -36 |
| STANLEY WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY**

On September 22, 2014, Defendant Stanley Watson filed a Motion to Withdraw Plea of Guilty. [Dkt. No. 1254.] The United States opposed the Motion on October 28, 2014. [Dkt. No. 1341.] The court held a hearing on December 8, 2014, at which Defendant appeared in person. [Dkt. No. 1453.] For the following reasons, we DENY Defendant's Motion to Withdraw Plea of Guilty.

**Federal Rule of Criminal Procedure 11(d)(2).**

Federal Rule of Criminal Procedure 11(d)(2) provides that a court may permit a defendant to withdraw his guilty plea before sentence is imposed if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2); *United States v. Milquette*, 214 F.3d 859, 861 (7th Cir. 2000); *United States v. Salgado-Ocampo*, 159 F.3d 322, 324-25 (7th Cir. 1998). The defendant does not have an unlimited right to withdraw the plea. *Milquette*, 214 F.3d at 861. We accord the record created by a Rule 11 inquiry a "presumption of verity." *United States v. Neely*, 189 F.3d 670 (7th Cir. 1999).

Consequently, if defendant presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing, he will face an uphill battle to persuade the court that his purported reason for withdrawing his plea is "fair and just." *Salgado-Ocampo*, 159 F.3d at 325.

**Mr. Watson's Rule 11 Hearing.**

Mr. Watson was charged with violating 21 U.S.C. §§ 841(a)(1) and 843(b) when he allegedly knowingly and intentionally used a communications facility to facilitate the distribution and/or the possession with intent to distribute methamphetamine. On July 15, 2014, the court held a plea hearing at which Mr. Watson was present in person. Mr. Watson testified that he is 64 years old, completed twelfth grade, and can read and write the English language. [Dkt. No. 1299 (Transcript of July 15, 2014 Hearing ("Tr.")) 7:11-17.] The court conducted an examination to ensure that Mr. Watson was not under the care of a doctor for any condition that would interfere with his ability to understand or participate in the hearing and that he had not consumed any substance that would interfere with his ability to understand or participate in the hearing. [Tr. 7:19-25, 8:1-6.] Mr. Watson understood the charges against him and waived a formal reading of the counts in the indictment. [Tr. 8:23-25, 9:1-10.] Mr. Watson agreed that he understood the maximum penalties for conviction of the crimes alleged against him. [Tr. 11:12-25, 12:1-11.]

With respect to his plea agreement, Mr. Watson testified that the plea agreement document he signed was the entire agreement as he understood it. [Tr. 16:1-4, 16:18-20.] Mr. Watson agreed that no one persuaded him "against [his] will to enter into this agreement with the Government." [Tr. 16:21-25.] Mr. Watson also agreed that it was his

"decision to enter into this plea agreement . . . a decision [he] made freely and voluntarily after [he] considered the advice of counsel, but otherwise on [his] own." [Tr. 17:1-6.]

Mr. Watson understood that his plea agreement gave up his right to appeal and he was not persuaded against his will to give up that right. [Tr.17:18-23, Tr.18:1-14, Tr. 19:12-20.] Mr. Watson testified that he was "absolutely" satisfied with the representation of his court-appointed counsel and that he told her "everything about [his] involvement in this offense." [Tr. 24:3-8, 25:9-11.] Mr. Watson's counsel represented to the Court that she reviewed the government's evidence as to Mr. Watson and advised him that if this evidence was presented to a reasonable jury, it would support a conviction of Mr. Watson beyond a reasonable doubt. [Tr. 34:22-25, 35:1-8.] Mr. Watson testified:

> THE COURT: And Mr. Watson, did you review the summary of the evidence that was presented?
>
> DEFENDANT WATSON: Yes.
>
> THE COURT: Do you have any disagreement or quarrel with those facts that are laid out there?
>
> DEFENDANT WATSON: No.
>
> THE COURT: Did you do what it says you did in that summary?
>
> DEFENDANT WATSON: Yes.

[Tr. 37:11-19.] Mr. Watson pleaded guilty to the charges against him. [Tr. 38:21-23.]

The court accepted Mr. Watson's plea and found him to be "fully competent and capable of entering an informed plea" and "aware of the nature of the charges and the consequences of the plea" and that he entered a plea of guilty knowingly and voluntarily,

3

which was "supported by an independent basis in fact containing each of the essential elements of each of the[] offenses." [Tr. 38:24-25, 39:1-14.]

**Mr. Watson's Basis for Withdrawing His Guilty Plea.**

In his motion, Mr. Watson provides two bases to withdraw his guilty plea. [Dkt. No. 1254.] First, he alleges that he did not have the opportunity to discuss the plea agreement with his counsel in a live meeting due to time constraints. Mr. Watson recites that the meeting with his counsel to discuss the plea agreement took place via video. [*Id.* at ¶ 2(a).] Second, Mr. Watson alleges that he was not given the opportunity to review the plea agreement before signing it because jail staff told him he needed to sign the document so it could be faxed back to Indianapolis. [*Id.* at ¶ 2(b).] At the December 8, 2014 hearing, Mr. Watson asserted that he was unable to read the plea agreement because he no longer possessed his eyeglasses, that he is innocent of the charges against him, and that he entered a guilty plea in an attempt to be transferred from federal custody back to state custody. None of Mr. Watson's arguments provide a fair and just reason to allow Mr. Watson to withdraw his guilty plea. Indeed, all of Mr. Watson's bases to withdraw his guilty plea are contradicted by his Rule 11 hearing testimony. As a result, having faced an uphill battle to persuade the court that he has a "fair and just" reason for withdrawing his guilty plea, his efforts have fallen short of the mark.

*Mr. Watson's Claim That He Did Not Have the Ability to Discuss His Guilty Plea with His Counsel.*

Mr. Watson admits in his Motion that he discussed his guilty plea with his counsel via video prior to signing the plea agreement. [Dkt. No. 1254 at ¶ 2(a).] Mr. Watson fails

4

to explain why his video consultation with his counsel was deficient or even inferior to a discussion in person. Even if Mr. Watson's video consultation was somehow insufficient, he expressly agreed at the July 15, 2014 Rule 11 hearing that it was his "decision to enter into this plea agreement . . . a decision [he] made freely and voluntarily after [he] considered the advice of counsel, but otherwise on [his] own." [Tr. 17:1-6.] Mr. Watson testified that the written plea agreement embodied the entire agreement he had with the government as he understood it. At no time during the July 15 hearing did Mr. Watson indicate that his consultations with his counsel were insufficient. Indeed, Mr. Watson testified that he was *absolutely* satisfied with the representation he received from counsel. Mr. Watson's post hoc complaint that his consultation with counsel was via video as opposed to in-person does not suffice as a "fair and just" reason to withdraw his plea of guilty.

*Mr. Watson's Claim That He Did Not Have An Opportunity To Review the Plea Agreement Prior to Executing It and That He Could Not Review the Agreement Without His Eyeglasses.*

Mr. Watson also claims that "[h]e was not given the opportunity by jail staff to review the document before signing it because he was told, by jail staff, that he needed to sign the document so that it could be faxed back to Indianapolis." [Dkt. No. 1254 at ¶ 2(b).] Additionally, Mr. Watson asserts that he was unable to review the plea agreement because his eyeglasses were not transferred with him when he was moved from state to federal custody. Mr. Watson does not contend that the plea agreement contained a term or agreement different from what he understood or to which he agreed. Mr. Watson testified in the July 15 hearing that the written plea agreement reflected the entire agreement as he

5

understood it. Even assuming that Mr. Watson did not have an opportunity to review the plea agreement and discuss it with his counsel in person prior to executing it (or could not read the agreement without his eyeglasses), Mr. Watson's unequivocal testimony in July makes clear that he *did* understand the agreement he made and that the written plea agreement reflected that agreement. The Rule 11 colloquy establishes that Mr. Watson understood his plea. Moreover, despite Mr. Watson's argument to the contrary, Mr. Watson's counsel stated in the December 8 hearing that his counsel reviewed the plea agreement and waiver of the right to an appeal with Mr. Watson. Again, Mr. Watson's ex post facto position that he did not read his plea agreement contradicts his Rule 11 hearing testimony and as such does not provide a "fair and just" reason for Mr. Watson to withdraw his guilty plea.

*Mr. Watson's Claim of Innocence.*

At the December 8 hearing, Mr. Watson claimed that he is innocent of the charges asserted against him. Although actual innocence is a valid ground for withdrawing a guilty plea, "'claims of innocence alone do not mandate permission to withdraw a plea.'" *U.S. v. Lippert*, 401 Fed. Appx. 137, 141 (7th Cir. 2010) (quoting *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993)). "Rather, a defendant must substantiate his claims with evidence of his innocence." *Id.* "'[B]are protestations of innocence' are insufficient to withdraw a guilty plea, particularly after a knowing and voluntary plea [is] made in a thorough Rule 11 colloquy." *U.S. v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008) (citing *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005)). "Rather, the defendant must produce some credible evidence of his innocence." *Id.*

6

Mr. Watson's bare assertion of innocence directly contradicts his knowing and voluntary plea of guilt during the Rule 11 colloquy. Mr. Watson entered into and fully understood the stipulated factual basis supporting the charges against him and knowingly and voluntarily pleaded guilty to those charges. The court found him to be fully competent and capable of entering an informed plea. The court determined Mr. Watson was aware of the nature of the charges and consequences of the plea. The court also concluded that an independent factual basis existed for the essential elements of Mr. Watson's charged offenses. Mr. Watson has produced no credible evidence of his innocence. The overwhelming evidence of Mr. Watson's knowing and voluntary guilty plea coupled with the government's wiretap and the lack of any credible evidence from Mr. Watson convinces us that Mr. Watson's belated claim of innocence does not constitute a "fair and just" reason to withdraw his plea of guilty.

*Mr. Watson's Desire To Be Transferred to State Custody.*

At the December 8, 2014 hearing, Mr. Watson claimed that at the time he entered his plea of guilty he would have signed any agreement calculated to ensure his transfer from federal custody back to state custody. Mr. Watson's previous, hidden agenda to agree to a guilty plea as a prextext to obtain transfer from federal to state custody is not a "fair and just" reason to allow Mr. Watson to withdraw his guilty plea. Mr. Watson unequivocally testified that he did the acts contained in the stipulated factual basis and indicated he was guilty of those acts. Mr. Watson's new contention that he agreed to plead guilty only to obtain a transfer to state custody is contrary to his Rule 11 hearing testimony and does not provide a "fair and just" basis to withdraw his guilty plea.

**Conclusion.**

All of Mr. Watson's bases for withdrawing his guilty plea are contradicted by the testimony he gave at the July 15, 2014 Rule 11 hearing. Mr. Watson's "uphill battle" to persuade the Court that his purported reason for withdrawing his plea is "fair and just" falls short of the mark. He has not satisfied this burden. Having failed to present a "fair and just" reason to withdraw his guilty plea, Mr. Watson's Motion to Withdraw Guilty Plea [Dkt. No. 1254] is DENIED. A sentencing hearing shall convene as soon as practicable. The Clerk is directed to schedule the same.

Date: __12/22/2014__  _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF counsel of record